UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIM. NO. 5:23CR00499-OLG |
| | § | |
| KRISTIN HARRISON (5), | § | |

**SENTENCING MEMORANDUM
AND OBJECTIONS**

TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES DISTRICT COURT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

I.

Kristin Harrison has pleaded guilty to Count Two of the Indictment: Conspiracy to Defraud the United States (Through Obstruction) in violation of Title 18, U.S.C. § 371.

The Base Offense Level is 12. The PSI added two points because "the offense involved numerous payments over time in furtherance of the scheme." Eight points were added because the value of the loss was more than $95,000. Two points were added because the PSI concluded that Ms. Harrison obstructed or attempted to obstruct justice.

Two points were subtracted because Ms. Harrison is a Zero-History-Point Offender.

Three points were subtracted for acceptance of responsibility.

The total Offense Level is 19.

II.

Kristin Harrison is a thirty-eight-year-old woman and has never been in trouble before. Her life can be characterized by achievement, hard work, and success. Her current legal woes are inconsistent with her character and life history.

Her father was a career Air Force irman and the family moved quite often as her father and the family were uprooted and restationed numerous times.

Kristin's parents divorced when Kristin was a teenager and at fifteen, she went to live with her father in North Carolina. It appears Kristin managed to weather her parents' divorce. She was never in trouble, was respectful, and did well in school. She began college at eighteen and excelled. She graduated magna cum laude with a Bachelor's degree in psychology in 2008. Kristin completed her Master's degree in Business Administration in 2017. She concentrated in Management Information Systems.

Kristin's father speaks highly of his daughter and the extremely close bond they share. Due to his military service, Kristin's father was left completely disabled. Kristin

1

cared for her father, visiting often and providing very much needed assistance with his physical needs.

Kristin has enjoyed an illustrious employment history. She has focused on Information Technology. She began her career in the public sector working for the Attorney General of Texas in Information Technology. She then transitioned to the State of Texas as a Systems Analyst, where she is currently employed. Kristin is not an idle person. While she works fulltime for the state, she also holds a paid position as the manager of a team of people at the National Domestic Violence Hotline who assist victims of domestic violence.

### III.

This case involved a scheme hatched by Aaron Sams, Jesus Rodriguez, and Beverly Smith to provide HUBZone companies doing business with the United States government with the identities of persons who could be falsely held out as HUBZone employees. Numerous persons agreed to allow their identities to be used falsely as legitimate HUBZone employees; Kristin Harrison was one of many who agreed.

An indictment was returned that charged in Count One, Conspiracy to Commit Wire Fraud for the fraudulent providing of nonlegitimate employees to HUBZone companies.

Count Two charged a Conspiracy to Defraud the United States by means of obstruction. The Manner and Means of Count Two centered on the providing of false information to investigators with the Small Business Administration who were investigating the scheme set out in Count One. The false information was created by Aaron Sams and distributed to the persons listed as HUBZone employees via text and telephone communication. Kristen Harrison received the false "script" from Aaron Sams but never communicated false information to any federal investigator. The goal of the conspiracy was to mislead and obstruct the investigation of the scheme. Count Two is in essence an obstruction count.

### IV.

The PSI's calculation of Kristin's Offense Level at 19 and Criminal Category I, set her guideline range at **30 to 37 months imprisonment**.

A. For the offense to which Kristin Harrison pleaded guilty, the Sentencing Guidelines directs that the appropriate Offense Conduct is §2C1.1. This offense conduct covers several different discreet crimes: "[1] Offering, Giving, Soliciting, or Receiving a Bribe; [2] Extortion Under Color of Official Right; [3] Fraud Involving the Deprivation of the Intangible Right to Honest Services of Public Officials; [4] Conspiracy to Defraud by Interference with Governmental Functions."
Here, Ms. Harrison pleaded guilty to the latter: Conspiracy to Defraud Governmental Function by Obstruction.
§2C1.1(a)(2) sets the Base Offense Level at 12 because Kristin Harrison was not a public official, thus eliminating bribery or extortion offense conduct.

B. §2C1.1(b)(1) is applicable if more than one bribe or extortion is involved. The offense and scheme involved neither bribes or extortion (because none of the defendants was a public official) and this section is inapplicable.
   The PSI, ¶ 31, noted numerous **payments** were made and added two points by mistakenly using the bribe or extortion section. This is error.
   **Two points should be removed from the offense level.**
C. As was noted above, Kristin Harrison pleaded guilty to conspiracy to obstruct justice.
   The PSI, ¶ 35, added two points for obstruction of justice. However, Ms. Harrison's obstructive conduct was included and taken into account in the determining the original Base Offense Level. The addition of two point for the very same conduct is double counting for the same conduct. For example, if someone pled guilty to felon in possession of a firearm, it would be improper to add points for possessing a firearm in the commission of an offense.
   **Two points should be removed from the offense level.**
D. Kristin Harrison's role in this offense was to allow her identity to be used in a large scheme in which she played a small role. Her role was identical to numerous other persons with identical roles who were not charged at all. Kristin Harrison did not play an active role in this scheme. Her passive role and the fact that she was charged when so many other similarly situated person were not, warrants a mitigating role. Kristin Harrison was a minimal participant.
   **Four points should be removed from the offense level.**

The Guidelines improperly calculated the Offense Level. Eight points were improperly used and should be removed. With the removal of eight points, Kristin Harrison's Offense Level is 11, Criminal Category I with a guideline range of **8-14 months imprisonment or probation for up to five years**.

Wherefore, Defendant asks that the Court sustain Defendant's objections.

Respectfully submitted,

 /S/_____
JOEY CONTRERAS
Ramos & del Cueto
823 Hoefgen
San Antonio, Texas 78210
Phone     (210) 212-9000
Facsimile (210) 212-9242
State Bar No. 04712320
joey@rradc.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing SENTENCING MEMORANDUM has been delivered to the United States, via ECF electronic filing and emailed to the United States Probation office.

 /S/_____
Joey Contreras